UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Marcelino Macias,<br><br>　　　　　Plaintiff<br><br>　v.<br><br>State of Nevada Unemployment,<br><br>　　　　　Defendant | Case No. 2:24-cv-01810-CDS-NJK<br><br>**Order Adopting Magistrate Judge's Report and Recommendation**<br><br>[ECF No. 6] |

　　　Plaintiff Marcelino Macias initiated this lawsuit against the State of Nevada Unemployment by filing a complaint and an application to proceed *in forma pauperis* (IFP). ECF No. 1. United States Magistrate Judge Nancy J. Koppe reviewed Macias's IFP application but denied it because (1) it was not signed, (2) it was incomplete, and (3) it was the wrong application. Order, ECF No. 4. Macias was provided the appropriate form and instructed to renew his IFP application by October 30, 2024. *Id.* at 2. That deadline passed without response, so Judge Koppe sua sponte granted Macias an additional fourteen days to file the proper IFP application. Order, ECF No. 5. Macias did not renew his application, nor did he request more time to do so, therefore Judge Koppe recommends dismissal without prejudice. R&R, ECF No. 6. Macias had until December 14, 2024, to objection to that recommendation. *Id.* at 2 (citing LR IB 3-2(a) (stating that parties wishing to object to an R&R must file objections within fourteen days)); *see also* 28 U.S.C. § 636(b)(1)(C) (same). As of the date of this order, Macias has neither objected nor moved for an extension of the time. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

The law permits a district court to dismiss an action based on a party's failure to comply with a court order. *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987). In determining whether to dismiss an action on this ground, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissing Macias's claims. The Ninth Circuit has held that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). For that reason, "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

The third factor requires me to weigh the risk of prejudice to the defendant. To prove prejudice, a defendant must establish that plaintiff's actions impaired the defendant's ability to go to trial or threatened to interfere with the rightful decision of the case. *Malone*, 833 F.2d at 131. As the defendant has not yet been served, there is no immediate risk of prejudice; thus, this factor also weighs in favor of dismissal.

The fourth factor, the public policy favoring disposition of cases on their merits, typically weighs against dismissal. However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," as is the case here. *In re Phenylpropanolamine*, 460 F.3d at 1228. A case that is delayed by a party's failure to comply with deadlines cannot move forward toward resolution on the merits. *Id.* Because it is Macias's responsibility to move the case, and he fails to comply with this court's orders, the fourth factor also weighs in favor of dismissal.

The fifth factor requires me to consider whether less drastic alternatives can be used to correct the party's failure that brought about the need to consider dismissal. *See Yourish*, 191 F.3d at 992 (explaining that considering less drastic alternatives before the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan*, 291 F.3d at 643 & n.4. However, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Here, Judge Koppe expressly warned Macias that his case was at risk of dismissal if he did not comply. ECF No. 5 ("**Failure to comply with this deadline may result in dismissal of the case.**"); ECF No. 6 at 2 ("the undersigned **RECOMMENDS** that this case be **DISMISSED** without prejudice."). I find that Macias had adequate warning that dismissal could result from his noncompliance, thus this factor weighs in favor of dismissal. Because the five factors weigh in favor of dismissal, and Macias has not lodged any objection to the R&R's recommendation, I find that dismissal of Macias's case is appropriate.

**Conclusion**

It is therefore ordered that the report and recommendation **[ECF No. 6] is adopted** in its entirety. This action is now dismissed without prejudice. The Clerk of Court is kindly instructed to enter judgment accordingly and to close this case.

Dated: January 3, 2025

_____
Cristina D. Silva
United States District Judge